LIONEL Z. GLANCY (#134180)
MICHAEL GOLDBERG (#188669)
ROBERT V. PRONGAY (#270796)
CASEY E. SADLER (#274241)
**GLANCY BINKOW & GOLDBERG LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:   (310) 201-9150
Facsimile:    (310) 201-9160
Email:         lglancy@glancylaw.com
                  mgoldberg@glancylaw.com
                  rprongay@glancylaw.com
                  csadler@glancylaw.com

*Attorneys for Plaintiff Yun-Chung Tsai*
[Additional counsel on signature page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUN-CHUNG TSAI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VIOLIN MEMORY, INC., DONALD G. BASILE,  CORY J. SINDELAR,  DIXON R. DOLL, JR., HOWARD A. BAIN III, LARRY J. LANG, JEFF J. NEWMAN, MARK N. ROSENBLATT, DAVID B. WALROD, J.P. MORGAN SECURITIES LLC, DEUTSCHE BANK SECURITIES INC.,  MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, BARCLAYS CAPITAL INC., ROBERT W. BAIRD & CO. INCORPORATED, and PACIFIC CREST SECURITIES LLC,<br><br>Defendants. | Case No.<br><br>**<u>CLASS ACTION</u>**<br><br>**COMPLAINT**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

COMPLAINT

Plaintiff Yun-Chung (David) Tsai ("Plaintiff"), by and through his attorneys, alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge. Plaintiff's information and belief is based upon, among other things, his counsel's investigation, which includes without limitation: (a) review and analysis of regulatory filings made by VIOLIN MEMORY, INC. ("Violin" or the "Company") with the United States Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and media reports issued by and disseminated by Violin; and (c) review of other publicly available information concerning Violin.

## NATURE AND SUMMARY OF THE ACTION

1. This is a class action on behalf of persons and/or entities who purchased or otherwise acquired the common stock of Violin pursuant and/or traceable to the Company's initial public offering (the "IPO" or the "Offering").

2. Violin develops and supplies memory-based storage systems to bring storage performance in line with high-speed applications, servers, and networks in the Americas, Europe, and the Asia Pacific.

3. The claims in this action arise from the materially false and/or misleading Registration Statement and Prospectus issued in connection with the Offering. In the IPO, the Company offered for sale 18 million shares of common stock at a price of $9.00 per share, According to Violin, the Company received net proceeds of $145.8 million in the IPO.

4. As detailed below, the Registration Statement and Prospectus contained materially false and misleading statements and omitted material information in violation of Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77k and 77o.

COMPLAINT
- 1 -

**JURISDICTION AND VENUE**

5. The claims asserted herein arise under and pursuant to Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77k and 77o).

6. This Court has jurisdiction over the subject matter of this action pursuant to Section 22 of the Securities Act (15 U.S.C. § 77v).

7. Venue is proper in this Judicial District pursuant to Section 22 of the Securities Act. Many of the acts and transactions alleged herein, including the preparation and dissemination of materially false and/or misleading information, occurred in substantial part in this Judicial District. Additionally, Violin's principal executive offices are located within this Judicial District.

8. In connection with the acts, transactions, and conduct alleged herein, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

**PARTIES**

9. Plaintiff Yun-Chung (David) Tsai purchased Violin securities pursuant and/or traceable to the Registration Statement issued in connection with the Company's IPO and has been damaged thereby.

10. Defendant Violin is a Delaware corporation with its principal executive offices located at 685 Clyde Ave., Mountain View, California 94043.

11. Defendant Donald G. Basile ("Basile") was, at all relevant times, President, Chief Executive Officer ("CEO") and a director of Violin and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

12. Defendant Cory J. Sindelar ("Sindelar") was, at all relevant times Chief Financial Officer ("CFO") of Violin and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

13. Defendant Dixon R. Doll, Jr. ("Doll") was, at all relevant times, Chief Operating Officer and a director of Violin and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

14. Defendant Howard A. Bain III ("Bain") was, at all relevant times, the Chairman of the Board of Violin and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

15. Defendant Larry J. Lang ("Lang") was, at all relevant times, a director of Violin and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

16. Defendant Jeff J. Newman ("Newman") was, at all relevant times, a director of Violin and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

17. Defendant Mark N. Rosenblatt ("Rosenblatt") was, at all relevant times, a director of Violin and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

18. Defendant David B. Walrod ("Walrod") was, at all relevant times, a director of Violin and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

19. The Defendants listed in ¶¶11-18 are collectively referred to hereinafter as the "Individual Defendants."

COMPLAINT
- 3 -

20. Defendant J.P. Morgan Securities LLC ("J.P. Morgan") served as an underwriter to Violin in connection with the Offering.

21. Defendant Deutsche Bank Securities Inc. ("Deutsche") served as an underwriter to Violin in connection with the Offering.

22. Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill") served as an underwriter to Violin in connection with the Offering.

23. Defendant Barclays Capital Inc. ("Barclays") served as an underwriter to Violin in connection with the Offering.

24. Defendant Robert W. Baird & Co. Incorporated ("Baird") served as an underwriter to Violin in connection with the Offering.

25. Defendant Pacific Crest Securities LLC ("Pacific") served as an underwriter to Violin in connection with the Offering.

26. The Defendants listed in ¶¶20-25 are collectively referred to as the "Underwriter Defendants."

**CLASS ACTION ALLEGATIONS**

27. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a Class, consisting of all persons and/or entities who purchased or otherwise acquired the common stock of Violin pursuant and/or traceable to the Company's false and/or misleading Registration Statement and Prospectus issued in connection with the Company's IPO, and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

28. The members of the Class are so numerous that joinder of all members is impracticable. During the relevant period, Violin's securities were actively traded on the New York Stock Exchange (the "NYSE"). While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. The Company offered 18 million shares of common stock in the IPO. Moreover, record owners and other members of the Class may be identified from records maintained by Violin or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

29. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

30. Plaintiff will fairly and adequately protect the interests of the members of the Class and have retained counsel competent and experienced in class and securities litigation.

31. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

    (a) whether the Securities Act was violated by Defendants' acts as alleged herein;

    (b) whether statements made by Defendants to the investing public in connection with the Company's IPO omitted and/or misrepresented material facts about the business, operations, and prospects of Violin; and

(c)     to what extent the members of the Class have sustained damages and the proper measure of damages.

32.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

## BACKGROUND

33.     Violin develops and supplies memory-based storage systems to bring storage performance in line with high-speed applications, servers, and networks in the Americas, Europe, and the Asia Pacific.

34.     On or about August 26, 2013, Violin filed a registration statement with the SEC on Form S-1.  Thereafter, the Company filed with the SEC the final Form S-1/A on September 16, 2013 (collectively, the "Registration Statement") for the IPO.

35.     On or around September 27, 2013, the Company filed with the SEC its IPO Prospectus (the "Prospectus"), which forms part of the "Registration Statement" that was declared effective on September 26, 2013.

36.     Thereafter, the Company completed the IPO, issuing 18 million shares of common stock at a price of $9.00 per share. According to Violin, the Company received net proceeds of $145.8 million in the IPO.

## VIOLIN'S FALSE AND/OR MISLEADING REGISTRATION STATEMENT AND PROSPECTUS

37.     Under applicable SEC rules and regulations, the Registration Statement was

COMPLAINT
- 6 -

required to disclose known trends, events or uncertainties that were having, and were reasonably likely to have, an impact on the Company's continuing operations.

38. However, the Registration Statement failed to disclose that the Company was being negatively impacted by known trends affecting its sales and revenues. Specifically, the Company failed to disclose that prior to the IPO, the Company's sales and revenues were being negatively impacted by the reprioritization of federal agencies' budgets due to the uncertainty surrounding the negotiations over the federal budget and the possibility of a shutdown of the federal government. Therefore, the Registration Statement was negligently prepared and, as a result, contained untrue statements of material facts or omitted to state other facts necessary to make the statements made not misleading, and was not prepared in accordance with the rules and regulations governing their preparation.

39. On November 21, 2013, the Company issued a press release entitled, "VIOLIN MEMORY ANNOUNCES THIRD FISCAL QUARTER 2014 FINANCIAL RESULTS." Therein, the Company, in relevant part, stated:

> Violin Memory, Inc. (NYSE: VMEM), provider of memory-based storage systems, today announced financial results for the third fiscal quarter ended October 31, 2013.
>
> **Third Quarter Fiscal 2014 Financial Highlights**
>
> - Record revenue of $28.3 million, a year-over-year increase of 37% compared to $20.6 million in the prior year period.
>
> - GAAP gross profit of $15.4 million, resulting in GAAP gross margin of 54% compared to 43% for the year ago period. Non-GAAP gross profit was $15.6 million, resulting in non-GAAP gross margin of 55% compared to non-GAAP gross margin of 45% for the year ago period.
>
> - GAAP net loss was $34.1 million, or $0.85 per share, compared to a net loss of $25.4 million, or $1.79 per share for the year ago period. Non-GAAP net loss was $25.4 million, or $0.63 per share, compared to a net loss of $21.3 million, or $1.50 per share for the year ago period.

COMPLAINT
- 7 -

- Completion of the Company's initial public offering and began trading on the New York Stock Exchange under the symbol VMEM. The Company issued 18.0 million shares and realized net proceeds of $145.8 million.

"Enterprise data center storage is in the early stages of a major transformation to an Enterprise Memory based infrastructure, and Violin is at the forefront of accelerating this transformation," said Don Basile, CEO of Violin Memory. "Our Enterprise Memory Software and Systems are enabling customers to achieve enormous gains in enterprise application performance, and significant cost savings resulting in new levels of productivity. During the quarter, we added 32 new customers and delivered record revenue and gross margins, even in a challenging Federal spending environment."

**Recent Business Highlights and Product Announcements**

- Launch of the 6264 Flash Memory Array, the next generation of flash memory storage, combining industry-leading flash controller technology with Toshiba's latest generation of 19nm flash technology.

- Introduction of the Violin Symphony Data Management System, facilitating scale-out deployment of large numbers of Memory Arrays in the data center with a wide suite of next generation storage management features.

- Launch of the Maestro Memory Services Software Suite, transforming legacy data center storage to a memory-based infrastructure and bringing speed of memory to enterprise applications running on legacy storage while enabling a seamless transition from disk to a memory-based data center.

- Optimization of Windows Server 2012 R2 for an all-memory persistent storage solution, setting new standards of performance and economics for large-scale Microsoft based enterprise cloud deployments.

**Business Outlook**

For the fourth quarter of fiscal 2014, the Company expects:

- Revenue in the range of $30 to $32 million.

- Non-GAAP gross margin in the range of 53% to 55%.

- Non-GAAP operating expenses in the range of $39 to $40 million.

- Denominator used to compute net loss per share ranging from 82.5 to 83.0

COMPLAINT
- 8 -

million shares.

40. That same day, the Company held a public conference call with investors, analysts and other market participants, regarding its 2014 fiscal third quarter results. Therein, Defendant Basile admitted that the Company's business had been negatively impacted by a slowdown of spending by government agencies prior to the government shutdown. As Defendant Basile, in relevant part, explained:

> Though we had record revenue, we were not satisfied with our results. ROE [ph] was negatively impacted by the slowdown in spending by the US Federal government. As a background, our federal business is mainly project based and transactional in nature as opposed to being multi-year program based.
>
> Historically [ph] represent a significant portion of our revenue. For example, last year, the federal government accounted for nearly 20% of our business and this year we'd anticipate that the federal government represent 10% to 15% of our business. The federal government's fiscal year end budget flush, the third quarter is typically an important quarter for us. As we entered the Q3, we were tracking opportunities approximately $10 million as a result of unexpected reprioritization of budgets ahead of the federal government shutdown, some of our forecasted opportunities were cancelled and others were deferred to future quarters pending funds being allocated to the project.
>
> Therefore, we ended the quarter with $2.6 million in bookings. We're not including revenue from these deferred projects in our Q4 forecast, however due [ph] to lack of visibility and timing of the resolution of the US budget.

41. On this news, the Company's stock price declined $2.89 per share, or 48.17%, to close on November 22, 2013, at $3.11 per share, on unusually high volume.

**FIRST CLAIM**
**Violation of Section 11 of The Securities Act**
**(Against All Defendants)**

42. Plaintiff repeats and realleges each and every allegation contained above, except any allegation of fraud, recklessness or intentional misconduct.

43. This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. §77k, on behalf of the Class, against all Defendants.

COMPLAINT
- 9 -

44. The Registration Statement for the IPO was inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

45. Violin is the registrant for the IPO. The Defendants named herein were responsible for the contents and dissemination of the Registration Statement.

46. As issuer of the shares, Violin is strictly liable to Plaintiff and the Class for the misstatements and omissions.

47. None of the Defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were true and without omissions of any material facts and were not misleading.

48. By reasons of the conduct herein alleged, each Defendant violated, and/or controlled a person who violated Section 11 of the Securities Act.

49. Plaintiff acquired Violin shares pursuant and/or traceable to the Registration Statement for the IPO.

50. Plaintiff and the Class have sustained damages. The value of Violin common stock has declined substantially subsequent to and due to Defendants' violations.

**SECOND CLAIM**
**Violation of Section 15 of The Securities Act**
**(Against the Individual Defendants)**

51. Plaintiff repeats and realleges each and every allegation contained above, except any allegation of fraud, recklessness or intentional misconduct.

52. This count is asserted against the Individual Defendants and is based upon Section 15 of the Securities Act.

53. Individual Defendants, by virtue of their offices, directorship and specific acts

were, at the time of the wrongs alleged herein and as set forth herein, controlling persons of Violin within the meaning of Section 15 of the Securities Act. The Individual Defendants had the power and influence and exercised the same to cause Violin to engage in the acts described herein.

54. Individual Defendants' positions made them privy to and provided them with actual knowledge of the material facts concealed from Plaintiff and the Class.

55. By virtue of the conduct alleged herein, the Individual Defendants are liable for the aforesaid wrongful conduct and are liable to Plaintiff and the Class for damages suffered.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

(b) Awarding compensatory damages in favor of Plaintiff and the other Class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c) Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees;

(d) Awarding rescission or a rescissory measure of damages; and

(e) Such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

Dated: November 26, 2013               **GLANCY BINKOW & GOLDBERG LLP**

By: *s/ Lionel Z. Glancy*
Lionel Z. Glancy
Michael Goldberg
Robert V. Prongay
Casey E. Sadler
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:   (310) 201-9150
Facsimile:    (310) 201-9160
Email:          lglancy@glancylaw.com
                    mgoldberg@glancylaw.com
                    rprongay@glancylaw.com
                    csadler@glancylaw.com

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Attorneys for Plaintiff Yun-Chung Tsai*

## SWORN CERTIFICATION OF PLAINTIFF

Violin Memory, Inc., **SECURITIES LITIGATION**

I, Yun-Chung Tsai, certify that:

1. I have reviewed the complaint and authorized its filing.

2. I did not purchase Violin Memory, Inc., the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in any private action arising under this title.

3. I am willing to serve as a representative party on behalf of a class and will testify at deposition and trial, if necessary.

4. My transactions Violin Memory, Inc., during the class period set forth in the Complaint are as follows:

   See Attached Transactions

5. I have not served as a representative party on behalf of a class under this title during the last three years except as stated:

6. I will not accept any payment for serving as a representative party, except to receive my pro rata share of any recovery or as ordered or approved by the court including the award to a representative plaintiff of reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

   ____ ☐ Check here if you are a current employee or former employee of the defendant Company.

   I declare under penalty of perjury that the foregoing are true and correct statements.

Dated: __23 November 2013__ _____
(Please Sign Your Name Above)

Yun-Chung Tsai's Transactions in Violin Memory, Inc.

| Buy Date | Shares | Price Bought |
|---|---|---|
| 11/04/2013 | 55 | $6.12 |