Laurence D. King (SBN 206423)
Mario M. Choi (SBN 243409)
KAPLAN FOX & KILSHEIMER LLP
350 Sansome Street, Suite 400
San Francisco, CA  94104
Telephone: 415.772.4700
Facsimile:  415.772.4707
lking@kaplanfox.com
mchoi@kaplanfox.com

Nicholas I. Porritt (admitted *pro hac vice*)
Adam M. Apton (admitted *pro hac vice*)
LEVI & KORSINSKY LLP
1101 30th Street NW, Suite 115
Washington, DC 20007
Tel: (202) 524-4290
Fax: (202) 333-2121
nporritt@zlk.com
aapton@zlk.com

Jeffrey P. Campisi (admitted *pro hac vice*)
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: 212-687-1980
Facsimile: 212-697-7714
jcampisi@kaplanfox.com

*Attorneys for Lead Plaintiffs Ali Shehk and
Alan Richards, and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE VIOLIN MEMORY INC. SECURITIES LITIGATION | Master Docket No. 13-CV-05486-YGR<br><br>**NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION OF LEAD PLAINTIFFS FOR AN ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND DIRECTING DISSEMINATION OF NOTICE TO THE CLASS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hon. Yvonne Gonzalez Rogers<br><br>Date: Tuesday, March 8, 2016<br>Time: 2:00 p.m.<br>Courtroom: 1, 4th Floor |

1

**NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION**

2       PLEASE TAKE NOTICE that Lead Plaintiff Ali Shehk and Alan Richards, by their counsel,

3   hereby move this Court pursuant to Federal Rule of Civil Procedure 23(e) for an order: (1) granting

4   preliminary approval of the Stipulation of Settlement; (2) granting provisional certification of the

5   class for the purposes of settlement; and (3) directing dissemination of notice to the Settlement Class.

6   The Motion is set for hearing at 2:00 p.m. on Tuesday, March 8, 2016, in the courtroom of the

7   Honorable Yvonne Gonzalez Rogers, United States District Court for the Northern District of

8   California, Oakland Courthouse, Courtroom 1, 4th Floor, 1301 Clay Street, Oakland, California

9   94612. Defendants have reviewed this Notice of Motion, Motion, and the accompanying

10  Memorandum of Points and Authorities in Support thereof and have indicated that they do not intend

11  to oppose this Motion.

12       The Motion is based on this Notice of Motion and Motion; the accompanying Memorandum

13  of Points and Authorities in Support thereof; the Stipulation of Settlement filed herewith (ECF No.

14  154); all other pleadings and papers filed in this action; and such matters as may be presented to the

15  Court before or at the time of the hearing.

16  **STATEMENT OF ISSUES TO BE DECIDED**

17       1.       Whether the stipulation of settlement should be preliminarily approved.

18       2.       Whether the provisional certification of a settlement class under Rule 23 of the

19  Federal Rules of Civil Procedures ("Rule 23") is appropriate.

20       3.       Whether the proposed notice is adequate.

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.      INTRODUCTION...........................................................................................1

II.     SUMMARY OF LITIGATION AND SETTLEMENT NEGOTIATIONS ....................2

        A.      Lead Plaintiffs' Claims and Allegations...........................................2

        B.      Procedural History and Lead Counsel's Investigation ...................3

        C.      Settlement Negotiations...................................................................5

III.    THE PROPOSED TERMS OF SETTLEMENT ....................................................6

        A.      The Settlement Class Definition.......................................................6

        B.      Monetary Consideration and Plan of Allocation .............................6

        C.      Release Provisions ..........................................................................7

        D.      Attorneys' Fees and Reimbursement of Expenses and Incentive Fees ..........8

        E.      The Court's Continuing Jurisdiction ...............................................8

IV.     PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT IS
        APPROPRIATE.............................................................................................9

        A.      The Settlement Approval Process....................................................9

        B.      The Proposed Settlement Meets the Requirements for Preliminary
                Approval .........................................................................................9

                1.      The Amount Offered in Settlement .................................10

                2.      The Extent of Discovery Completed and the Stage of the
                        Proceedings....................................................................11

                3.      The Proposed Settlement Resulted from Arms' Length
                        Negotiations and Did Not Involve Any Collusion ...........11

V.      PROVISIONAL CERTIFICATION OF THE SETTLEMENT UNDER RULE 23 IS
        APPROPRIATE...........................................................................................12

        A.      The Settlement Class Members Are So Numerous that Joinder Is
                Impracticable ................................................................................12

        B.      Common Questions of Law or Fact Exist.......................................12

        C.      Lead Plaintiffs' Claims are Typical of Those of the Settlement Class.........13

        D.      Lead Plaintiffs Are Adequate Representatives of the Settlement
                Class..............................................................................................14

        E.      The Requirements of Rule 23(b)(3) Are Also Satisfied ................14

                1.      Common Legal and Factual Question Predominate .........15

                2.      A Class Action is the Superior Means to Adjudicate Lead
                        Plaintiffs' and Settlement Class Members' Claims..........15

LEAD PLAINTIFFS' NOTICE OF MOTION, MOTION,
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
--Master File No. 4:13-cv-05486-YGR--

i

VI.    THE PROPOSED NATURE AND METHOD OF CLASS NOTICE ARE
       CONSTITUTIONALLY SOUND AND APPROPRIATE ..............................................16

VII.   PROPOSED SCHEDULE ............................................................................................17

VIII.  CONCLUSION .............................................................................................................18

# TABLE OF AUTHORITIES

**Cases**

*Alberto v. GMRI,*
No. Civ. 07-1895 WBS DAD, 2008 WL 4891201 (E.D. Cal. Nov. 12, 2008) ........................ 11

*Amchem Prods., Inc. v. Windsor,*
521 U.S. 591 (1997) ......................................................................................... 14, 15

*In re Applied Micro Circuits Corp. Sec. Litig.,*
No. 01-cv-0649 (KAJB), 2003 WL 25419526 (S.D. Cal. July 15, 2003) ................................ 12

*Bellows v. NCO Financial Sys., Inc.,*
No. 3:07-CV-01413-W-AJB, 2008 WL 5458986 (S.D. Cal. Dec. 10, 2008) ........................... 11

*Browing v. Yahoo! Inc.,*
No., C04-01463 HRL, 2006 WL 3826714 (N.D. Cal. Dec. 27, 2006)....................................... 9

*In re Cement and Concrete Antitrust Litig.,*
817 F.2d 1435 (9th Cir. 1987) ...................................................................................... 16

*In re Equity Funding Corp. of Am Sec. Litig.,*
603 F.2d 1353 (9th Cir. 1979)....................................................................................... 16

*Gen. Tel. Co. of Southwest v. Falcon,*
457 U.S. 147 (1982) ..................................................................................................... 14

*Hanlon v. Chrysler Corp.,*
150 F.3d 1011 (9th Cir. 1998) ............................................................................... passim

*In re Heritage Bond Litig.,*
No. MDL 02-ML-1475 DT, 2004 WL 1638201 (C.D. Cal. July 12, 2004).............................. 13

*Linney v. Cellular Alaska P'ship,*
No. C-96-3008 DLJ, 1997 WL 450064 (N.D. Cal. Jul. 18, 1997) ............................................ 9

*Officers for Justice v. Civil Serv. Comm'n,*
688 F.2d 615 (9th Cir. 1982) .......................................................................................... 9

*In re Omnivision Tech., Inc.*,

    559 F. Supp. 2d 1036 (N.D. Cal. 2008) ........................................................................ 9

*Rodriguez v. Carlson*,

    166 F.R.D. 465 (E.D. Wash. 1996) ........................................................................... 13

*Schaefer v. Overland Express Family of Funds*,

    169 F.R.D. 124 (S.D. Cal. 1996) ............................................................................... 13

*Staton v. Boeing Co.*,

    327 F.3d 938 (9th Cir. 2003) ...................................................................................... 9

*Torrisi v. Tucson Elec. Power Co.*,

    8 F.3d 1370 (9th Cir. 1993) ...................................................................................... 16

**Statutes**

Fed. R. Civ. P. 23(a) ........................................................................................................ 12

Fed. R. Civ. P. 23(b) ........................................................................................................ 15

**Other Authorities**

*Manual for Complex Litigation*, Third, § 23.14 (West ed. 1995) ................................. 16, 17

LEAD PLAINTIFFS' NOTICE OF MOTION, MOTION,
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
--Master File No. 4:13-cv-05486-YGR--

iv

## I.      INTRODUCTION

Lead Plaintiffs Ali Shehk and Alan Richards (collectively, "Lead Plaintiffs") respectfully submit this memorandum in support of their unopposed motion for an order preliminarily approving the proposed settlement ("Settlement") of this action embodied in the Stipulation of Settlement ("Stipulation") filed contemporaneously herewith as ECF No. 154.[1] The proposed Settlement was reached after the parties engaged in hard-fought and arm's length settlement negotiations before retired U.S. District Court Judge Layn R. Phillips. Based on a thorough understanding of the facts and the law, the parties agreed to the proposed Settlement which consists of $7,500,000 in cash. If approved, the Settlement will fully resolve this action filed in November 2013 on behalf of a class of persons and entities who purchased or otherwise acquired common stock of Violin Memory, Inc. ("Violin" or the "Company"): (i) in Violin's initial public offering on September 27, 2013 and/or (ii) on the public market between September 27, 2013 and November 21, 2013, inclusive ("Settlement Class").

In determining whether preliminary approval is warranted, the sole issue before the Court is whether the proposed Settlement is within the range of what might be found to be fair, reasonable and adequate so that notice of the proposed Settlement can be given to Settlement Class Members and a hearing scheduled to consider final settlement approval. The Settlement clearly meets these criteria. As discussed below, while Lead Plaintiffs believe their claims are meritorious, issues exist with respect to liability and damages, and therefore the $7,500,000 cash fund that will be created under the parties' agreement represents a beneficial resolution of this litigation and the Settlement is in the best interests of the Settlement Class.

Because all the requirements for preliminary approval of the settlement are met, the Court should certify the Settlement Class for settlement purposes only. Also, because the Plan of Allocation is fair, reasonable and adequate, it should be preliminarily approved. Finally, the Court should schedule a final approval hearing to determine whether the proposed Settlement, the Plan of

---

[1]      Unless otherwise stated, capitalized terms have the same meaning as in the Stipulation.

LEAD PLAINTIFFS' NOTICE OF MOTION, MOTION,
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
--Master File No. 4:13-cv-05486-YGR--

1

1   Allocation, and Lead Counsel's request for attorneys' fees and reimbursement of expenses and

2   incentive payments for Lead Plaintiffs should be finally approved as fair, reasonable and adequate.

3   **II.      SUMMARY OF LITIGATION AND SETTLEMENT NEGOTIATIONS**

4        **A.      <u>Lead Plaintiffs' Claims and Allegations</u>**

5         Lead Plaintiffs bring this action on behalf of all persons who purchased or otherwise

6   acquired Violin common stock between September 27, 2013 and November 21, 2013, inclusive

7   (the "Settlement Class Period"). Lead Plaintiffs' Second Amended Consolidated Class Action

8   Complaint (the "Second Amended Complaint"), filed on May 6, 2015, alleges that Defendants

9   violated Sections 11, 12(a)(2) and 15 of the Securities Act of 1933. (ECF No. 108.) According to

10  the Second Amended Complaint, Defendants violated these statutes by disseminating materially

11  untrue statements and omissions about Violin's sales to the federal government and the

12  professional background of the Company's former chief executive officer, Donald G. Basile.

13        Specifically, the Second Amended Complaint alleges that Defendants failed to disclose that

14  Violin's sales to the federal government had been declining and/or were likely to be negatively

15  impacted due to federal budget constraints. Further, the Second Amended Complaint alleges that

16  Defendants failed to disclose that Mr. Basile was terminated for-cause from his prior employer,

17  Fusion-io, Inc. When this information became public, the Second Amended Complaint alleges that

18  the share price fell and shareholders were damaged. The lawsuit seeks money damages against

19  Defendants for alleged violations of the federal securities laws. Defendants have denied and

20  continue to deny each and all of the claims and contentions alleged by the Lead Plaintiffs in the

21  Litigation. Defendants continue to assert that they did not violate Sections 11, 12(a)(2) and 15 of

22  the Securities Act of 1933, that they did not engage in any conduct that could give rise to any

23  liability to Lead Plaintiffs or the Settlement Class, that none of the claimed statements of

24  omissions caused damages to Lead Plaintiffs or the Settlement Class, and that none of the claimed

25  misstatements or omissions were material.

26

27

28

**B.** **Procedural History and Lead Counsel's Investigation**

On November 26, 2013, a class action complaint, styled *Yun-Chung Tsai v. Violin Memory Inc., et al.*, 4:13-cv-05486-YGR, was filed against Defendants for claims under Sections 11 and 15 of the Securities Act of 1933.  On November 27, 2013, a substantially similar related action was filed with this Court entitled, *Richard L. Schneider v. Violin Memory Inc. et al.*, 3:13-cv-013-cv-05515-CW, asserting both claims under the Securities Act and claims under Section 10(b) and 20(a) of the Securities Exchange Act of 1934. Thereafter two additional related cases were filed: December 4, 2013, *Andrew McBrian v. Violin Memory, Inc. et al.*, 13-cv-05610-PJH; and December 17, 2013, *Alan Richards v. Violin Memory, Inc. et al.*, 13-cv-05834-YGR, alleging Securities Act claims under Sections 11, 12(a)(2) and 15. On February 13, 2014, the Court issued an Order consolidating these cases into the above-captioned master docket. (ECF No. 53.) On February 26, 2014, the Court appointed movants Ali Shehk and Alan Richards as Lead Plaintiffs and their counsel to serve as Lead and Liaison Counsel for the alleged class. (ECF No. 57.)

Lead Plaintiffs filed the Consolidated Class Action Complaint (ECF No. 58) on March 28, 2014. The Consolidated Complaint alleged that the Company's Registration Statement contained materially untrue statements at the time it became effective. The alleged untrue statements related to: certain negative trends that were materially impacting the Company's sales to government-related customers; the quality of the Company's flash array devices and memory cards; the management and professional background of the Company's then-current Chief Executive Officer, Donald G. Basile; and the Company's disclosure of non-cancelable order commitments. The Consolidated Complaint alleged claims under Sections 11, 12, and 15 of the Securities Act of 1933.

Defendants moved to dismiss the Consolidated Complaint pursuant to Rule 12(b)(6) on April 18, 2014. On October 31, 2014, the Court issued an Order granting in part and denying in part Defendants' motions to dismiss (ECF No. 87.) Pursuant to the Order, the Court allowed Lead Plaintiffs' claims to survive based on omissions concerning negative trends and events or uncertainties impacting the Company's sales to government-related customers.

LEAD PLAINTIFFS' NOTICE OF MOTION, MOTION,
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
--Master File No. 4:13-cv-05486-YGR--

3

1   On November 21, 2014, Lead Plaintiffs filed the Amended Consolidated Class Action

2   Complaint. (ECF No. 90.) The Amended Consolidated Complaint largely reasserted allegations

3   from the prior pleading. The Amended Consolidated Complaint alleged claims under Sections 11,

4   12, and 15 of the Securities Act of 1933. Defendants moved to dismiss the Amended Consolidated

5   Complaint.  (ECF Nos. 92, 95.)

6   On April 30, 2015, the Court granted in part and denied in part Defendants' motions to

7   dismiss the Amended Consolidated Complaint. (ECF No. 107.) Pursuant to the Court's Order

8   dated April 30, 2015, the Court allowed Lead Plaintiffs to proceed against all Defendants with

9   regard to two alleged omissions: (1) allegations concerning negative trends impacting sales to

10  government-related customers and (2) allegations concerning Donald Basile's former employment.

11  The Court also ordered Lead Plaintiffs to file a new complaint.

12  Lead Plaintiffs filed the Second Amended Complaint on May 6, 2015. (ECF No. 108.) The

13  Second Amended Complaint alleged claims under Sections 11, 12, and 15 of the Securities Act of

14  1933. The Defendants answered the Second Amended Complaint on May 20, 2015 (ECF No. 109)

15  and May 21, 2015 (ECF No. 110).

16  Lead Plaintiffs served extensive document requests and interrogatories to Defendants on

17  June 11, 2015 and Defendants responded on July 13, 2015.

18  On June 22, 2015, the parties appeared before the Court for a scheduling conference.  The

19  Court set a schedule which, in pertinent part, required all discovery to be completed on or before

20  May 6, 2016 and trial to be held on November 29, 2016. The scheduling order also required the

21  parties to attend a private mediation session with Judge Phillips on or before September 4, 2015.

22  (ECF No. 122.)   The first day on which all parties and Judge Phillips were available for the

23  additional mediation session was September 17, 2015. The parties consequently modified the

24  scheduling order to reflect the tentative mediation date. (ECF No. 127.)

25  On September 22, 2015, Lead Plaintiffs filed a motion for class certification.  On October

26  1, 2015, Lead Plaintiff Ali Shehk sat for a deposition and on October 6, 2015 Lead Plaintiff Alan

27

28

1   Richards sat for a deposition.  Defendants filed their opposition to the motion for class certification

2   on October 13, 2015.

3          **C.**      **Settlement Negotiations**

4         On March 19, 2015, the parties participated in a mediation session with the Honorable

5   Layn R. Phillips (ret.). The mediation was unsuccessful, but resulted in an agreement whereby the

6   Defendants agreed to produce a preliminary set of internal documents on an expedited basis. The

7   Defendants subsequently produced approximately 16,000 pages of documents. Lead Plaintiffs

8   reviewed the materials provided by the Defendants. Lead Plaintiffs and the Defendants engaged in

9   several arm's length negotiations over the implications of the materials produced by the

10   Defendants.

11         On September 17, 2015, the parties participated in a second mediation session with Judge

12   Phillips. While the September 17, 2015 mediation was not immediately successful, it prompted

13   additional arm's length negotiations between the parties which ultimately resulted in a mediator's

14   recommendation. The parties accepted the mediator's recommendation and the Settlement was

15   reached on November 3, 2015.

16         After reaching an agreement in principle regarding the relief to the Settlement Class, the

17   parties began preparing the settlement documents, including the stipulation of settlement, the class

18   notice, the summary notice, the claim form, and the proposed orders granting final approval and

19   entering final judgment.  Over the next several weeks, the parties exchanged drafts of the settlement

20   documents.  The parties finalized and executed the Stipulation of Settlement on January 29, 2016.

21

22

23

24

25

26

27

28

Lead Plaintiffs' Notice of Motion, Motion,
and Memorandum of Points and Authorities in Support
of Preliminary Approval of Class Action Settlement
--Master File No. 4:13-cv-05486-YGR--
5

**III.     THE PROPOSED TERMS OF SETTLEMENT**

    **A.     The Settlement Class Definition**

The Settlement Class includes all persons who purchased or otherwise acquired Violin common stock in (a) in Violin's initial public offering on September 27, 2013; and/or (b) on the public market between September 27, 2013 and November 21, 2013, inclusive.[2]

    **B.     Monetary Consideration and Plan of Allocation**

Under the terms of the proposed Settlement, the parties have agreed that Defendants' Insurer will make a cash payment of seven million five-hundred thousand dollars ($7,500,000) on behalf of Defendants. The $7.5 million in cash will be deposited into the Settlement Fund (as defined in ¶ 1.29 of the Stipulation) within thirty (30) calendar days after the Court executes an order granting preliminary approval of the Settlement or after the provision of wire transfer and payment information, whichever date is later. *See* Stipulation, ECF No. 154, at ¶ 2.1(a). Any interest earned will be for the benefit of the Settlement Class. *See id.* at ¶ 1.29.

Lead Counsel has considered the issues of liability and damages in determining an appropriate proposed Plan of Allocation. Lead Counsel did not favor or consider the particular trading history of the Lead Plaintiffs or any other individual Settlement Class Member in crafting this plan. Lead Plaintiffs and Lead Counsel also considered the possibility of having two separate plans of allocation: one for Settlement Class Members whose claims arose under Section 11 and a

---

[2]     Excluded from the Settlement Class are Defendants, members of the Defendants' immediate families, officers, directors, and subsidiaries of Violin, any firm, entity, or corporation wholly owned by any Defendant and/or any member(s) of a Defendant's immediate family, any trust of which an Individual Defendant or Violin is the settlor or which is for the benefit of an Individual Defendant or Violin and/or any member of their immediate families, and the legal representatives, heirs, or successors in-interest of Violin and the Individual Defendants. For the avoidance of doubt, nothing herein shall limit or otherwise modify the right or ability of customers and clients of the Underwriter Defendants or their affiliates, including any person or entity for whom any Underwriter Defendant or its affiliates acts as advisor, agent, broker, custodian, fiduciary, manager, nominee, representative, or trustee to participate in the claims process or receive settlement proceeds as otherwise allowed by this Stipulation. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

LEAD PLAINTIFFS' NOTICE OF MOTION, MOTION,
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
--Master File No. 4:13-cv-05486-YGR--

6

1  second for Settlement Class Members whose claims arose under Section 12. After further

2  consideration and analysis, Lead Counsel determined that, due to the availability of the "negative

3  causation" affirmative defense to claims under Section 11 and Section 12, recoverable damages

4  under each of these claims were likely identical. Every Settlement Class Member with a claim

5  under Section 12 also has a claim under Section 11. Furthermore, any recovery pursuant to a

6  Section 12 claim would have to be set off against any recovery that same Settlement Class

7  Member would be entitled to under Section 11 to prevent any double recovery. As a result, the

8  recovery by any Settlement Class Member with Section 11 and Section 12 claims would be the

9  same as a similarly situated Settlement Class Member (who bought the same number of shares at

10  the same price) who only had claims under Section 11. Accordingly, Lead Counsel determined that

11  the most efficient, fair and reasonable method of determining Settlement Class Members'

12  recoveries from the Settlement Fund would be to have one plan of allocation for all Settlement

13  Class Members.

14        A copy of the Plan of Allocation is set forth in the Notice of Pendency and Proposed

15  Settlement of Class Action, pages 6 to 9 at Exhibit A-1 to the Stipulation. *See* Stipulation, ECF No.

16  154, at Ex. A-1, pp. 6-7.

17        **C.**     **<u>Release Provisions</u>**

18        Upon the Effective Date, as defined in ¶ 1.7 of the Stipulation, Plaintiffs, and each and

19  every Settlement Class member shall be deemed to have, and by operation of the Judgment shall

20  have, fully, finally, and forever released, relinquished, discharged, and dismissed all Released

21  Claims (including Unknown Claims) against the Released Persons, whether or not such Settlement

22  Class member executes and delivers a Proof of Claim and Release form, and whether or not such

23  Settlement Class member shares in the Settlement Fund.  Released Claims shall mean any and all

24  claims (including Unknown Claims as defined in ¶ 1.42 of the Stipulation), demands, rights,

25  liabilities, and causes of action of every nature and description whatsoever (including, but not

26  limited to, any claims for damages, restitution, rescission, interest, attorneys' fees, expert or

27  consulting fees, and any other costs, expenses, or liability whatsoever), whether based on federal,

28

1  state, local, statutory or common law or any other law, rule or regulation, whether known or

2  unknown, contingent or absolute, mature or immature, discoverable or undiscoverable, whether

3  concealed or hidden, suspected or unsuspected, which now exist, or heretofore have existed,

4  asserted or that could have been asserted by the Lead Plaintiffs or any Settlement Class Member

5  against the Defendants and/or Violin and their respective Related Persons based upon, arising out

6  of, or relating in any way to: (a) the allegations, matters, facts, transactions, events, occurrences,

7  disclosures, statements, acts, omissions or failures to act which were or could have been alleged in

8  the Litigation, or (b) the purchase, acquisition, disposition, sale or retention of Violin securities by

9  the Lead Plaintiffs or any Settlement Class Member during the Settlement Class Period.  Expressly

10  excluded from Released Claims are the matters set forth in paragraph 5.5 of the Stipulation and the

11  claims asserted in the consolidated federal shareholder derivative action captioned *Lowry v. Basile,*

12  *et al.* Case No. 4:13-cv-05768-YGR.

13        **D.**    **Attorneys' Fees and Reimbursement of Expenses and Incentive Fees**

14        Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to

15  exceed twenty-five percent (25%) of the total Settlement Fund. *See* Stipulation, ECF No. 154, at ¶

16  7.1. Lead Counsel will also apply to the Court for a reimbursement of its reasonable expenses

17  incurred through the litigation. *See id.*

18        Lead Counsel also seeks an award of an incentive fees in the amount of $5,000 each for Ali

19  Shehk and Alan Richards.

20        **E.**    **The Court's Continuing Jurisdiction**

21        If the Court grants final approval of the proposed Settlement, the parties will request that

22  the Court enter a final judgment of dismissal. The Court will retain jurisdiction with respect to the

23  implementation and enforcement of the terms of the Settlement, and all parties agree to submit to

24  the jurisdiction of the Court for purposes of implementing and enforcing the Settlement. *See*

25  Stipulation, ECF No. 154, at ¶ 9.16.

26

27

28

Lead Plaintiffs' Notice of Motion, Motion,
and Memorandum of Points and Authorities in Support
of Preliminary Approval of Class Action Settlement
--Master File No. 4:13-cv-05486-YGR--
8

IV.   **PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT IS APPROVAL IS APPROPRIATE**

   A.   <u>**The Settlement Approval Process**</u>

Rule 23(e) requires that before a class action is dismissed or compromised, notice of the proposed dismissal or compromise must be given in the manner directed by the Court and judicial approval must be obtained. To that end, the Court must find that the proposed settlement is "fundamentally fair, adequate, and reasonable. *In re Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036, 1040 (N.D. Cal. 2008) (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003) (internal citations omitted)). A settlement agreement is presumptively fair if it "was reached in arm's length negotiations, after relevant discovery had taken place." *Linney v. Cellular Alaska P'ship*, No. C-96-3008 DLJ, 1997 WL 450064, at *5 (N.D. Cal. Jul. 18, 1997).

Moreover, the Ninth Circuit has a policy favoring settlement, "particularly in class action suits." *Omnivision,* 559 F. Supp. 2d at 1041; *see also Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982) (stating that "it must not be overlooked that voluntary conciliation and settlement are the preferred means of dispute resolution. This is especially true in complex class action litigation[.]"). The court's inquiry into the settlement agreement is ultimately limited to the extent necessary to make a judgment that the agreement is not "the product of fraud or overreaching by, or collusion between, the negotiating parties." *Omnivision*, 559 F.Supp. 2d at 1041 (internal citations omitted). Thus, the court "need not reach the merits of the case or form conclusions about the underlying questions of law or fact" in determining the fairness, reasonableness and adequacy of a settlement agreement. *Id.*

   B.   <u>**The Proposed Settlement Meets the Requirements for Preliminary Approval**</u>

At the preliminary approval stage, the Court must conduct a "prima facie review of the relief and notice" provided by the settlement agreement before the Court orders notice to be sent. *Browing v. Yahoo! Inc.*, No., C04-01463 HRL, 2006 WL 3826714, at *7 (N.D. Cal. Dec. 27, 2006). The court must find the release to be "fair and reasonable" and the notice to be "adequate."

Id. at *7-8. Ultimately, in making a final determination of whether the proposed Settlement is fair, adequate, and reasonable, the Court will balance some or all of the following factors:

> [T]he strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the state of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). Consideration of these factors shows that the proposed Settlement now before the Court falls squarely within the range of reasonableness warranting notice of the proposed Settlement to Settlement Class Members and scheduling a final approval hearing.

Lead Plaintiffs believe that the case has merit and that they have evidence to establish Defendants' liability. Nevertheless, Lead Plaintiffs recognize that, were they to continue prosecution of this action, they would face substantial risks. For their part, Defendants have denied the material allegations of the Complaint and have vigorously asserted that Violin Memory shareholders have not sustained any damages as a result of the alleged misconduct. In view of these factors, without a settlement, Lead Plaintiffs and the Settlement Class face a very real risk in this case that they could recover far less than the Settlement amount—or even nothing—without the Settlement. In all events, protracted and highly complex further litigation without a reasonably predictable outcome would ensue if this case were not resolved at this time.

### 1.  The Amount Offered in Settlement

As discussed above, a Settlement Fund of $7,500,000 in cash will be created under the terms of the proposed Settlement. Given the issues Lead Plaintiffs face regarding establishing liability, loss causation, and damages, there is a substantial risk that nothing would be recovered if this case were to proceed to trial. Thus, the $7,500,000 in cash is reasonable under the circumstances.

LEAD PLAINTIFFS' NOTICE OF MOTION, MOTION,
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
--Master File No. 4:13-cv-05486-YGR--

10

1

### 2.   The Extent of Discovery Completed and the Stage of the Proceedings

2       The parties reached the proposed Settlement after substantial discussion, including formal

3  mediation before the Honorable Layn R. Phillips (ret.) on two separate occasions. Lead Plaintiffs

4  conducted months of discovery, including written discovery and document production. Thus, Lead

5  Counsel conducted a thorough examination regarding the impact of Defendants' alleged conduct

6  on Settlement Class Members' alleged damages and were able to act intelligently in negotiating

7  the proposed Settlement.

8

### 3.   The Proposed Settlement Resulted from Arms' Length Negotiations and

9

### Did Not Involve Any Collusion

10      The Settlement is the result of informed, arm's length and hard-fought negotiations

11 between Lead Counsel and Defendants' counsel, including separate mediations overseen by a

12 retired United States District Court Judge. There can be no claim of collusion here.

13      Moreover, counsel for each party is experienced and thoroughly familiar with the factual

14 and legal issues. Courts recognize that the opinion of experienced and informed counsel supporting

15 a settlement is entitled to considerable weight. *See Bellows v. NCO Financial Sys., Inc.*, No. 3:07-

16 CV-01413-W-AJB, 2008 WL 5458986, at *8 (S.D. Cal. Dec. 10, 2008) (finding that "it is the

17 considered judgment of experienced counsel that this settlement is a fair, reasonable, and adequate

18 settlement of the litigation, which should be given great weight"); *see also Alberto v. GMRI*, No.

19 Civ. 07-1895 WBS DAD, 2008 WL 4891201, at *10 (E.D. Cal. Nov. 12, 2008) (stating that "when

20 approving class action settlements, the court must give considerable weight to class counsel's

21 opinions due to counsel's familiarity with the litigation and its previous experience with class

22 action lawsuits").

23      For the reasons summarized above, Lead Counsel believes, based on their experience,

24 knowledge of the strengths and weaknesses of the case, and all other factors considered in

25 evaluating proposed class action settlements, that the proposed Settlement is fair, reasonable, and

26 adequate and in the best interests of Settlement Class Members.

27

28

LEAD PLAINTIFFS' NOTICE OF MOTION, MOTION,
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
--Master File No. 4:13-cv-05486-YGR--

11

1    **V.    PROVISIONAL CERTIFICATION OF THE SETTLEMENT UNDER RULE 23 IS**
2    **APPROPRIATE**

3         For the sole purpose of implementing the proposed Settlement, Lead Plaintiffs seek and

4    Defendants agree to the certification of a Settlement Class defined as all persons and entities who

5    purchased or otherwise acquired Violin common stock (i) in Violin's initial public offering on

6    September 27, 2013 and/or (ii) on the public market between September 27, 2013 and November

7    21, 2013, inclusive. Before a class may be certified, the following requirements of Rule 23(a) must

8    be satisfied: (a) the class is so numerous that joinder of all class members is impracticable; (b)

9    there are questions of law or fact common to the class; (c) the claims or defenses of the

10   representative parties are typical of the claims or defenses of the class; and (d) the representative

11   parties will fairly and adequately protect the interests of the class. *See Hanlon,* 150 F.3d at 1019.

12        As discussed below, certification of a settlement class is appropriate here.

13        **A.    The Settlement Class Members Are So Numerous that Joinder Is**
14        **Impracticable**

15        While the precise number of Settlement Class Members is unknown, the number certainly

16   exceeds any number considered practical for joinder. As alleged in the Second Amend Complaint,

17   upon completion of the IPO Violin had approximately 81 million shares of common stock

18   outstanding. Indeed, courts routinely hold that Rule 23(a)'s numerosity requirement is satisfied

19   under similar facts. *See In re Applied Micro Circuits Corp. Sec. Litig.*, No. 01-cv-0649 (KAJB),

20   2003 WL 25419526, at *8 (S.D. Cal. July 15, 2003) (finding numerosity where the company

21   issued millions of shares and the class is presumed to have thousands of members). From this

22   information, one may conclude that there are likely thousands of members in the Settlement Class.

23   The threshold for a presumption of impracticability is thus easily met. *See Hanlon*, 150 F.3d at

24   1019.

25        **B.    Common Questions of Law or Fact Exist**

26        In order to maintain a class action, there must be "questions of law or fact common to the

27   class . . . ." Fed. R. Civ. P. 23(a)(2) (emphasis added). Construed liberally like the other Rule 23

28

1    requirements, commonality does not "require all questions of law and fact to be common." *In re*

2    *Heritage Bond Litig.*, No. MDL 02-ML-1475 DT, 2004 WL 1638201, at *14 (C.D. Cal. July 12,

3    2004) (finding that "it is not necessary that every issue of law or fact be identical"); *see also*

4    *Rodriguez v. Carlson*, 166 F.R.D. 465, 472 (E.D. Wash. 1996).

5         This case presents numerous common questions of both law and fact. Here, questions of

6    law and fact common to all Settlement Class Members include:

> a)   Whether the federal securities laws were violated by Defendants' acts as alleged in the Complaint;
>
> b)   Whether Defendants made material misrepresentations and omissions concerning the Company's sales to the federal government and the professional background of the Company's former chief executive officer, Donald G. Basile;
>
> c)   Whether the documents, press releases and public statements made, authorized and/or approved by Defendants contained material misrepresentations or omitted material information concerning the business and finances of Violin;
>
> d)   Whether Defendants acted with the requisite state of mind in misrepresenting or failing to disclose material facts;
>
> e)   Whether the corrective disclosures of the prior misrepresentations and omissions caused a decline in the market price of Violin, and if so, how much; and
>
> f)   Whether the Settlement Class Members have sustained damages and, if so, the appropriate measure thereof.

**C.    Lead Plaintiffs' Claims are Typical of Those of the Settlement Class**

21        A plaintiff's claims will be deemed typical if "they are reasonably co-extensive with those

22   of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020; *see*

23   *also Schaefer v. Overland Express Family of Funds*, 169 F.R.D. 124, 128-29 (S.D. Cal. 1996)

24   (finding that typicality was met even though defendant claimed that the vast majority of shares

25   were purchased by institutional investors rather than small investors and that plaintiff relied on oral

26   representations of his broker). The heart of the inquiry is whether the representative's claims and

LEAD PLAINTIFFS' NOTICE OF MOTION, MOTION,
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
--Master File No. 4:13-cv-05486-YGR--

13

1   the class claims are interrelated so that class treatment is economical. *Gen. Tel. Co. of Southwest v.*

2   *Falcon*, 457 U.S. 147 (1982).

3   　　　Here, Lead Plaintiffs' claims are similar to the claims of the other Settlement Class

4   Members. Defendants' alleged course of conduct described in the Complaint uniformly affected all

5   Settlement Class Members, as they each allegedly suffered economic injury from the decline in

6   market value following the corrective disclosures. Lead Plaintiffs' claims are typical of the other

7   Settlement Class Members because, like all other Settlement Class Members, they allegedly were

8   injured when the truth about the Company's federal government sales the professional background

9   of the Company's former chief executive officer, Donald G. Basile, was revealed. Thus, the

10  typicality requirement of Rule 23(a)(3) is met.

11  　　　**D.**　　　**Lead Plaintiffs Are Adequate Representatives of the Settlement Class**

12  　　　The purpose of the adequacy requirement is to "uncover conflicts of interest between

13  named parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor*, 521 U.S.

14  591, 594 (1997). The factors relevant to a determination of adequacy are: (1) the absence of

15  potential conflicts between the named plaintiffs and their counsel with other class members; and

16  (2) that counsel chosen by the representative parties is qualified, experienced and able with the

17  named plaintiffs to vigorously conduct the litigation. *See Hanlon*, 150 F.3d at 1020.

18  　　　There are no apparent conflicts of interest between the Lead Plaintiffs and the absent

19  Settlement Class Members. Indeed, Lead Plaintiffs have been committed to the vigorous

20  prosecution of this action from the outset and have reached a resolution that they believe is in the

21  best interests of the Settlement Class. Lead Plaintiffs have shown that they are more than adequate

22  representatives. Moreover, the Court previously determined that Lead Counsel, Levi & Korsinsky

23  LLP and Kaplan Fox & Kilsheimer LLP, are qualified to represent the Settlement Class.

24  　　　**E.**　　　**The Requirements of Rule 23(b)(3) Are Also Satisfied**

25  　　　Rule 23(b)(3) authorizes class certification where, in addition to the requirements of Rule

26  23(a), common questions of law or fact predominate over any individual questions and a class

27

28

1  action is superior to other available means of adjudication. *See Amchem*, 521 U.S. at 607. This

2  case easily meets Rule 23(b)(3)'s requirements.

### 1.  Common Legal and Factual Question Predominate

4      "Predominance is a test readily met in certain cases alleging . . . securities fraud . . . ."

5  *Amchem*, 521 U.S. at 625. In this securities action, Defendants' alleged liability arises from their

6  conduct with respect to Violin's federal government sales and background of the Company's chief

7  executive officer Donald G. Basile. Whether Defendants' publicly disseminated releases and

8  statements during the Settlement Class Period omitted and/or misrepresented material facts is the

9  central issue in this case and predominates over any individual issue that theoretically might arise.

10 *See Hanlon*, 150 F.3d at 1022 (stating that Rule 23(b)(3) is satisfied where "[a] common nucleus

11 of facts and potential legal remedies dominates [the] litigation"). Thus, the predominance

12 requirement is satisfied here.

### 2.  A Class Action is the Superior Means to Adjudicate Lead Plaintiffs' and Settlement Class Members' Claims

15     The second prong of Rule 23(b)(3) is essentially satisfied by the proposed Settlement itself.

16 As explained in *Amchem*, "[c]onfronted with a request for settlement-only class certification, a

17 district court need not inquire whether the case, if tried, would present intractable management

18 problems for the proposal is that there be no trial." 521 U.S. at 620 (citing Fed. R. Civ. P.

19 23(b)(3)(D)). Thus, any manageability problems that may have existed here—and Lead Plaintiffs

20 know of none—are eliminated by the Settlement. In any event, given the alternatives, e.g.,

21 unnecessarily burdening the judiciary with numerous actions involving relatively small amounts of

22 damages, which "would prove uneconomic for potential plaintiffs" where "litigation costs would

23 dwarf potential recovery," resolving this case on a class-wide basis is clearly preferable. *Hanlon*,

24 150 F.3d at 1023.

25

26

27

28

LEAD PLAINTIFFS' NOTICE OF MOTION, MOTION,
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
--Master File No. 4:13-cv-05486-YGR--

15

1    **VI.    THE PROPOSED NATURE AND METHOD OF CLASS NOTICE ARE**

2            **CONSTITUTIONALLY SOUND AND APPROPRIATE**

3            Preliminary approval of the proposed Settlement permits notice to be given to the

4    Settlement Class Members of a hearing on final settlement approval, at which they and the settling

5    parties may be heard with respect to final approval. *See Manual for Complex Litigation*, Third, §

6    23.14 (West ed. 1995). Here, the parties propose that notice be given principally by U.S. mail. *See*

7    Stipulation, ECF No. 154, at ¶ 6.2(a). In addition, the Stipulation provides for publication of a

8    summary notice, which will be published on www.zlk.com and www.kaplanfox.com and in the

9    national edition of Investor's Business Daily. *See id.*

10           The proposed form of mailed notice (Exhibit A-1 to the Stipulation), provides the

11   following details of the Stipulation to prospective Settlement Class Members in a fair, concise and

12   neutral way: (1) the existence of and their rights with respect to the class action, including the

13   requirement for timely opting out of the Settlement Class; and (2) the Settlement with Defendants

14   and their rights with respect to the Settlement. The proposed form of summary notice (Exhibit A-3

15   to the Stipulation), provides essential information about the litigation and the Settlement, including

16   an address for potential class members to write in order to obtain the full long form of notice.

17           The means and forms of notice proposed here constitute valid and sufficient notice to the

18   Settlement Class, the best notice practicable under the circumstances, and comply fully with the

19   requirements of the Private Securities Litigation Reform Act of 1995, Rule 23 and due process. *See*

20   *e.g.*, *In re Cement and Concrete Antitrust Litig.*, 817 F.2d 1435, 1440 (9th Cir. 1987), *rev'd on*

21   *other grounds*, 490 U.S. 93 (1989) (stating that "notice is satisfactory if it 'generally describes the

22   terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and

23   to come forward and be heard'") (internal citation omitted); *Torrisi v. Tucson Elec. Power Co.*, 8

24   F.3d 1370, 1374 (9th Cir. 1993); *In re Equity Funding Corp. of Am Sec. Litig.*, 603 F.2d 1353,

25   1361 (9th Cir. 1979) (directing that class notice must "present a fair recital of the subject matter

26   and proposed terms" and provide "an opportunity to be hear to all class members") (internal

27

28

LEAD PLAINTIFFS' NOTICE OF MOTION, MOTION,
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
--Master File No. 4:13-cv-05486-YGR--

16

1  citation omitted); *see also Manual Third § 30.41* (approving use of combined class notice and

2  settlement notice where appropriate).

3  **VII.    PROPOSED SCHEDULE**

4       Lead Plaintiffs respectfully request the Court to schedule the dates required by, and set

5  forth in the [Proposed] Order Granting Preliminary Approval of Settlement and Directing

6  Dissemination of Notice to the Class, which Lead Counsel will present to the Court at the hearing

7  on March 8, 2016. Specifically, Lead Plaintiffs request the Court schedule the following dates:

| |
| --- |
| Last day to complete mailing of Notice and Proof of Claim Form and to publish Summary Notice. |
| Last day for filing and serving papers in support of final approval of the proposed Settlement, and the applications for Fee and Expense Awards. (The deadline shall be no less than 21 days prior to the Final Approval Hearing.) |
| Last day for Settlement Class Members to submit comments in support of, or in opposition to, the proposed Settlement, and the applications for Fee and Expense Awards. (The deadline shall be no less than 10 business days prior to the Final Approval Hearing.) |
| Last day for potential Settlement Class Members to request exclusion from the Settlement Class. (The deadline shall be no less than 10 business days prior to the Final Approval Hearing.) |
| Last day for filing and serving papers in response to objections to the proposed Settlement, and the applications for Fee and Expense Awards. (The deadlines shall be no less than 5 business days prior to the Final Approval Hearing.) |
| Final Approval Hearing |

1

## VIII.   CONCLUSION

2

The proposed Settlement is presumptively fair and presents no obvious deficiencies.

3  Accordingly, the Court should grant preliminary approval of the proposed Settlement and enter an

4  order substantially in the form of the accompanying [Proposed] Order Granting Preliminary

5  Approval of Settlement and Directing Dissemination of Notice to Class.

6

7   DATED: January 29, 2016                    Respectfully submitted,

8
                                    By:    /s/ Adam Apton
9
                                       Eduard Korsinsky
10                                      Nicholas I. Porritt
                                       Adam M. Apton
11                                      LEVI & KORSINSKY LLP
                                       1101 30th Street NW, Suite 115
12                                      Washington, DC 20007
                                       Telephone:  202-524-4290
13                                      Facsimile:   202-333-2121

14                                      Laurence D. King (SBN 206423)
                                       Mario M. Choi (SBN 243409)
15                                      KAPLAN FOX & KILSHEIMER LLP
                                       350 Sansome Street, Suite 400
16                                      San Francisco, CA 94104
                                       Telephone:  415-772-4700
17                                      Facsimile:   415-772-4707

18                                      Frederic S. Fox
                                       Jeffrey P. Campisi
19                                      KAPLAN FOX & KILSHEIMER LLP
                                       850 Third Avenue, 14th Floor
20                                      New York, NY 10022
                                       Telephone:  212-687-1980
21                                      Facsimile:  212-687-7714

22                                      *Attorneys for Lead Plaintiffs Ali Shehk and*
                                       *Alan Richards, and the Proposed Class*
23

24

25
    4828-0985-6300, v.  2
26

27

28