UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE VIOLIN MEMORY, INC., SECURITIES LITIGATION | Master File No. 4:13-cv-05486-YGR<br><br>[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AND DIRECTING DISSEMINATION OF NOTICE TO CLASS<br><br>*AS MODIFIED BY THE COURT AT ¶¶ 16, 18*<br><br>Date:   Tuesday, March 8, 2016<br>Time:   2:00 p.m.<br>Room: Courtroom 1, 4th Floor<br>Judge: Hon. Yvonne Gonzalez Rogers |

WHEREAS, a consolidated securities class action is pending before the Court entitled *In re Violin Memory, Inc., Securities Litigation*, Master File No. 4:13-cv-05486-YGR (the "Litigation");

WHEREAS, Lead Plaintiffs have filed an unopposed motion pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with the Stipulation of Settlement dated as of January 26, 2016 (attached hereto as "Exhibit A-4") which, together with the Exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The terms used in this Order have the same meanings assigned to them in the "Addendum" attached to this Order.

2. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and solely for the purposes of the Stipulation and the proposed Settlement, the Court certifies the following Settlement Class:

**All Persons who purchased or otherwise acquired Violin Memory, Inc. common stock: (i) in Violin's initial public offering on September 27, 2013; and/or (ii) on the public market between September 27, 2013 and November 21, 2013, inclusive.**

Excluded from the Settlement Class are Donald G. Basile, Cory J. Sindelar, Dixon R. Doll Jr., Howard A. Bain III, Larry J. Lang, Jeff J. Newman, Mark N. Rosenblatt, David B. Walrod; Violin; and J.P. Morgan Securities LLC, Deutsche Bank Securities Inc., Merrill Lynch, Pierce Fenner & Smith Incorporated, Barclays Capital Inc., Robert W. Baird & Co. Incorporated, Pacific Crest Securities, LLC, and EM Securities, LLC, members of the

1
[Proposed] Order Granting Preliminary Approval
Master File No. 4:13-cv-05486-YGR

Individual Defendants' immediate families, officers, directors, and subsidiaries of Violin, any firm, entity, or corporation wholly owned by any Defendant and/or any member(s) of an Individual Defendant's immediate family, any trust of which an Individual Defendant or Violin is the settlor or which is for the benefit of an Individual Defendant or Violin and/or any member of their immediate families, and the legal representatives, heirs, or successors-in-interest of Violin and the Individual Defendants.  Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action to be sent to Settlement Class Members.  For the avoidance of doubt, nothing herein shall limit or otherwise modify the right or ability of customers and clients of the Underwriter Defendants or their affiliates, including any person or entity for whom any Underwriter Defendant or its affiliates acts as advisor, agent, broker, custodian, fiduciary, manager, nominee, representative, or trustee to participate in the claims process or receive settlement proceeds as otherwise allowed by the Stipulation and Proposed Settlement.

4.     For purposes of settlement only, this Court finds and concludes that the Settlement Class is ascertainable and that there is a well-defined community of interest in the questions of law and fact involved affecting the Settlement Class Members.  For purposes of settlement only, the Court finds and concludes that (a) the Persons who are part of the Settlement Class are so numerous that joinder of all such Persons is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of those of the Settlement Class; (d) in negotiating and entering into the Stipulation, Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all Persons who are part of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the Persons who are part of the Settlement Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already

commenced by Persons who are part of the Settlement Class; (iii) the desirability or undesirability of concentrating the litigation of the claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Litigation as a class action.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, Lead Plaintiffs Ali Shehk and Alan Richards are appointed as Class Representatives and Lead Counsel Levi & Korsinsky LLP and Kaplan Fox & Kilsheimer LLP are appointed Class Counsel.

6. If the Stipulation is not approved by the Court or the Settlement is terminated or fails to become effective in accordance with the terms therein, this conditional certification shall be vacated without further order of the Court and without prejudice to the right of any party to seek or oppose class certification thereafter.

7. A Final Approval Hearing shall be held before this Court on July 26, 2016, at 2:00 p.m., at the United States District Court, Northern District of California, Oakland Courthouse, 1301 Clay Street, Courtroom 1 – 4th Floor, Oakland, California 94612, to determine: (i) whether the Court should grant final certification to the Settlement Class pursuant to Federal Rule of Civil Procedure 23; (ii) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class and should be approved by the Court; (iii) whether a Judgment should be entered herein; (iv) whether the proposed Plan of Allocation is fair, reasonable and adequate and should be approved; (v) the amount of fees and expenses that should be awarded to Lead Counsel; and (vi) to rule upon such other matters as the Court may deem appropriate. The Court may adjourn the Final Approval Hearing without further notice to Settlement Class Members.

8. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action, the Proof of Claim and Release form, and Summary Notice of Pendency and Proposed Settlement of Class Action, annexed hereto as Exhibits A-1, A-2 and A-3, and finds that the mailing and distribution of the Notice and publishing of the

Summary Notice substantially in the manner and form set forth in ¶ 9 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

9. The Court appoints the firm of RG/2 Claims Administration LLC as Claims Administrator to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than April 7, 2016, Lead Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Settlement Class Members who can be identified with reasonable effort; and Lead Counsel shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and on www.rg2claims.com/violinmemory; and

(b) At least seven (7) days prior to the Final Approval Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

10. Nominees who held the common stock of Violin purchased during the period beginning September 27, 2013 through November 21, 2013, inclusive, shall send the Notice and the Proof of Claim to the beneficial owners of such Violin common stock within forty (40) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. A nominee's failure to transmit the Notice and Proof of Claim to a beneficial owner shall not impact whether that beneficial owner is considered a Settlement Class Member. Nothing in this Order creates any duties, liabilities, obligations, responsibilities, rights as

1  between any nominee and any beneficial owner that do not already otherwise exist in contract
2  or by law.
3      11. All Settlement Class Members shall be bound by all determinations and
4  judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to
5  the Settlement Class.
6      12. Any potential Settlement Class Member may request to be excluded from the
7  Settlement Class. Such request for exclusion must be postmarked on or before July 5, 2016
8  and delivered to the Claims Administrator as set forth in the Notice. Such requests shall
9  clearly indicate the name, address and telephone number of the person seeking exclusion and
10 a statement that the sender requests to be excluded from the Settlement Class in *In re Violin*
11 *Memory, Inc., Securities Litigation*, Master File No. 4:13-cv-05486-YGR, and must be signed
12 by such person. Persons requesting exclusion are also directed to state: the date(s), price(s),
13 and number(s) of shares of all purchases, other acquisitions and sales of Violin securities
14 during the Settlement Class Period. A request for exclusion shall not be effective unless it
15 provides the required information and is made within the time stated above, or the exclusion
16 is otherwise accepted by the Court.
17     13. Settlement Class Members who wish to participate in the proposed Settlement
18 shall complete and submit Proof of Claim forms in accordance with the instructions contained
19 therein. Unless the Court orders otherwise, all Proof of Claim forms must be submitted no
20 later than August 5, 2016. Any Settlement Class Member who does not timely submit a Proof
21 of Claim within the time provided for shall be barred from sharing in the distribution of the
22 proceeds of the Settlement Fund, unless otherwise determined by Lead Counsel or ordered by
23 the Court.
24     14. Any Settlement Class Member may enter an appearance at the Final Approval
25 Hearing, individually or through counsel of their own choice, at their own expense. If they do
26 not enter an appearance, they will be represented by Lead Counsel.
27
28

15.  Pending final determination of whether the proposed Settlement should be approved, Lead Counsel, the Lead Plaintiffs, and any Settlement Class Member, either directly, representatively, or in any other capacity, are barred from commencing or prosecuting against any of the Released Persons, any action or proceeding in any court or tribunal asserting any of the Released Claims.

16.  Any Settlement Class Member may appear and show cause, if he, she or it has any reason why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable and adequate, or why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Lead Counsel; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Lead Counsel unless that Person has delivered by hand or sent by first class mail written objections and copies of any papers and briefs such that they are postmarked, on or before July 5, 2016, by Nicholas I. Porritt, Esq., Levi & Korsinsky LLP, 1101 30th Street, N.W., Suite 115, Washington, DC 20007; James N. Kramer, Orrick, Herrington & Sutcliffe LLP, 405 Howard Street, San Francisco, California 94105; and ~~Patrick E. Gibbs,~~ Jason C. Hegt, Latham & Watkins LLP, 140 Scott Drive, Menlo Park, California 94025, and filed said objections, papers and briefs with the Clerk of the United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Courtroom 1 – 4th floor, Oakland, CA 94612, on or before July 5, 2016. Any Settlement Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, and to the award of attorneys' fees and

reimbursement of expenses to counsel for the Lead Plaintiff, unless otherwise ordered by the Court.

17. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18. All papers in support of the Settlement, the Plan of Allocation, any application by counsel for the Lead Plaintiff for attorneys' fees and reimbursement of expenses shall be filed and served on or before June 21, 2016.

19. The Settling Parties may respond to any objection to the Stipulation, the Plan of Allocation, or the application for attorneys' fees and reimbursement of expenses, provided that such response is filed and served no later than July 12, 2016.

20. At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or reimbursement of expenses shall be approved.

21. All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly disbursed from or chargeable to the Settlement Fund.

22. Neither the Defendants and their Related Persons nor Defendants' counsel shall have any responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

23. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be

7
[Proposed] Order Granting Preliminary Approval
Master File No. 4:13-cv-05486-YGR

1  deemed to be or may be used as an admission of, or evidence of, the validity of any Released
2  Claim, or of any wrongdoing or liability of Defendants; or (b) is or may be deemed to be or
3  may be used as an admission of, or evidence of, any fault or omission of any Defendant in any
4  civil, criminal or administrative proceeding in any court, administrative agency or other
5  tribunal. Defendants and their Related Persons may file the Stipulation and/or the Judgment in
6  any action that may be brought against them in order to support a defense or counterclaim
7  based on principles of *res judicata*, collateral estoppel, release, good faith settlement,
8  judgment bar or reduction, or any other theory of, without limitation, claim preclusion or issue
9  preclusion or similar defense or counterclaim.

10  24.  The Settling Parties expect the Settlement Fund to be fully consumed, but if
11  that does not happen, no portion of the Settlement Fund will revert to Defendants.  If any
12  amounts remain in the Settlement Fund (after payment of all notice and claim administration
13  expenses, necessary taxes and tax expenses, attorneys' fees and expenses and eligible claims,
14  including after the upward adjustments of eligible claims), the amount remaining in the
15  Settlement Fund will be distributed pursuant to the *cy pres* doctrine to the FINRA Investor
16  Education Foundation with specific directions that such funds be used for investor education,
17  or such other organization as the Court directs.

18  25.  The Court reserves the right to adjourn the date of the Final Approval Hearing
19  without further notice to the Settlement Class Members, and retains jurisdiction to consider all
20  further applications arising out of or connected with the proposed Settlement.  The Court may
21  approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if
22  appropriate, without further notice to the Settlement Class. If the Settlement is not approved
23  or consummated for any reason whatsoever, this Order shall be rendered null and void to the
24  extent provided by and in accordance with the Stipulation and shall be vacated and, in such
25  event, all orders entered and releases delivered in connection herewith shall be null and void
26  to the extent provided by and in accordance with the Stipulation.  Each party shall be restored

27
28

1  to his, her, or its respective position as it existed immediately prior to the execution of the
2  Stipulation.
3      This Order terminates Docket Number 155.
4      IT IS SO ORDERED.

DATED: March 16, 2016

_____
THE HONORABLE YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

**ADDENDUM**

"Authorized Claimant" means any Settlement Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

"Claims Administrator" means RG/2 Claims Administration LLC.

"Court" means the United States District Court for the Northern District of California.

"Defendants" mean together Violin, the Individual Defendants, and the Underwriter Defendants.

"Effective Date" means the first date by which all of the following events and conditions have been met and have occurred: (a) The Court has entered the Preliminary Approval Order; (b) Defendants' Insurers have paid or caused to be paid into the interest-bearing account controlled by Michael A. Gillen, RG/2 Claims Administration LLC, the amount of $7.5 million; (c) Defendants have not exercised their option to terminate the Settlement pursuant to the confidential agreement executed between Lead Counsel and Defendants' counsel allowing for the termination of this Settlement under certain circumstances; and (d) the Court has entered this Judgment; and the Judgment has become Final.

"Escrow Agent" means Michael A. Gillen, RG/2 Claims Administration LLC.

"Final" means when the last of the following with respect to the Judgment approving the Settlement, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed, or if such a motion is filed, an order denying such motion; (ii) the expiration of the time in which to appeal the Judgment has passed without any appeal having

1   been noticed or taken; and (iii) if any appeal is taken, immediately after (a) the date of final
2   dismissal of any appeal from the Judgment or the final dismissal of any proceeding on
3   certiorari to review the Judgment, or (b) the date of final affirmance on appeal of the
4   Judgment, the expiration of time for any further judicial review, whether, by appeal,
5   reconsideration, or a petition for writ of certiorari and if, certiorari is granted, the date of final
6   affirmance of the Judgment following review pursuant to such grant.  For purposes of this
7   paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may
8   be filed in connection with approval or disapproval of this Settlement, but shall not include
9   any appeal that concerns only the issue of attorneys' fees and/or expenses, the Plan of
10  Allocation of the Settlement Fund, or the procedures for determining Authorized Claimants'
11  recognized claims; any proceeding or appeal pertaining solely to one or more of these
12  excluded issues shall not in any way delay or affect the time set forth above for the Judgment
13  to become Final, or otherwise preclude the Judgment from becoming Final.

15  "Final Approval Hearing" means the hearing to determine whether the proposed Settlement
16  embodied by the Stipulation is fair, reasonable, and adequate to the Settlement Class, and
17  whether the Court should enter a Judgment approving the proposed Settlement.

19  "Individual Defendants," means Donald G. Basile, Cory J. Sindelar, Dixon R. Doll Jr.,
20  Howard A. Bain III, Larry J. Lang, Jeff J. Newman, Mark N. Rosenblatt, and David B.
21  Walrod.

23  "Insurers" means Defendants' insurers, Old Republic Insurance Company.

25  "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered
26  by the Court.

2

[Proposed] Order Granting Preliminary Approval
Master File No. 4:13-cv-05486-YGR

"Lead Counsel" means Levi & Korsinsky LLP and Kaplan Fox & Kilsheimer LLP.

"Lead Plaintiffs" means Ali Shehk and Alan Richards, appointed as Lead Plaintiffs by order of the Court dated February 26, 2014.

"Litigation" means this proceeding, *In re Violin Memory, Inc. Securities Litigation*, Case No. 4:13-cv-05486-YGR, pending in the Court.

"Notice" means the Notice of Pendency and Proposed Settlement of Class Action, substantially in the form annexed hereto as Exhibit A-1.

"Person" means a natural person, individual, corporation, partnership, limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives or assignees.

"Plan of Allocation" means the plan or formula of allocation of the Settlement Fund, as set forth in the Notice of Pendency and Proposed Settlement of Class Action, whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the Settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses, and interest as may be awarded by the Court,.

"Preliminary Approval Order" means this Order Granting Preliminary Approval of Settlement and Directing Dissemination of Notice to Settlement Class, as entered by the Court.

"Proof of Claim" means a Proof of Claim and Release form, substantially in the form annexed

1    hereto Exhibit A-2.

2

3    "Related Persons" means each of the Defendants' past or present directors, officers,
4    employees, partners, insurers, co-insurers, reinsurers, principals, controlling shareholders,
5    attorneys, accountants, auditors, underwriters, investment advisors, personal or legal
6    representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures,
7    assigns, spouses, heirs, executors, trustees, estates, administrators, related or affiliated entities,
8    any entity in which a Defendant has a controlling interest, any member of an Individual
9    Defendant's immediate family, any trust of which a Defendant is the settlor or which is for the
10   benefit of a Defendant and/or any member of an Individual Defendant's immediate family,
11   and any entity in which any Defendant and/or any member of an Individual Defendant's
12   immediate family has or have a controlling interest.

13

14   "Released Claims" means any and all claims (including Unknown Claims), demands, rights,
15   liabilities, and causes of action of every nature and description whatsoever (including, but not
16   limited to, any claims for damages, restitution, rescission, interest, attorneys' fees, expert or
17   consulting fees, and any other costs, expenses, or liability whatsoever), whether based on
18   federal, state, local, statutory or common law or any other law, rule or regulation, whether
19   known or unknown, contingent or absolute, mature or immature, discoverable or
20   undiscoverable, whether concealed or hidden, suspected or unsuspected, which now exist, or
21   heretofore have existed, asserted or that could have been asserted by the Lead Plaintiffs or any
22   Settlement Class Member against the Defendants and/or Violin and their respective Related
23   Persons based upon, arising out of, or relating in any way to: (a) the allegations, matters,
24   facts, transactions, events, occurrences, disclosures, statements, acts, omissions or failures to
25   act which were or could have been alleged in the Litigation, or (b) the purchase, acquisition,
26   disposition, sale or retention of Violin securities by the Lead Plaintiffs or any Settlement
27   Class Member during the Settlement Class Period. Expressly excluded from Released Claims

28

are the matters set forth in paragraph 5.5 of this Stipulation and the claims asserted in the consolidated federal shareholder derivative action captioned *Lowry v. Basile, et al.*, Case No. 4:13-cv-05768-YGR.

"Released Persons" means each and all of the Defendants and Violin and their Related Persons.

"Settlement" means the settlement between Lead Plaintiffs, on behalf of themselves and the Settlement Class Members, and the Defendants on the terms set forth in the Stipulation.

"Settlement Class" means: (i) all Persons who purchased or otherwise acquired Violin common stock in (a) in Violin's initial public offering on September 27, 2013; and/or (b) on the public market between September 27, 2013 and November 21, 2013, inclusive.  Excluded from the Settlement Class are Defendants, members of the Individual Defendants' immediate families, officers, directors, and subsidiaries of Violin, any firm, entity, or corporation wholly owned by any Defendant and/or any member(s) of an Individual Defendant's immediate family, any trust of which an Individual Defendant or Violin is the settlor or which is for the benefit of an Individual Defendant or Violin and/or any member of their immediate families, and the legal representatives, heirs, or successors-in-interest of Violin and the Individual Defendants.  For the avoidance of doubt, nothing herein shall limit or otherwise modify the right or ability of customers and clients of the Underwriter Defendants or their affiliates, including any person or entity for whom any Underwriter Defendant or its affiliates acts as advisor, agent, broker, custodian, fiduciary, manager, nominee, representative, or trustee to participate in the claims process or receive settlement proceeds as otherwise allowed by this Stipulation.  Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

1

2   "Settlement Class Member" means a Person who is a member of the Settlement Class.

3

4   "Settlement Class Period" means the period from September 27, 2013 to November 21, 2013,
5   inclusive.

6

7   "Settlement Fund" means the principal amount of Seven Million Five Hundred Thousand
8   Dollars ($7,500,000), plus any accrued interest earned thereon.

9

10  "Settling Parties" means, collectively, the Defendants and the Lead Plaintiffs on behalf of
11  themselves and the Settlement Class Members.

12

13  "Stipulation" means the Stipulation of Settlement dated January 29, 2016, including the
14  recitals and exhibits hereto, each of which is incorporated by reference as though set forth in
15  the Stipulation itself.

16

17  "Summary Notice" means the summary notice describing the Settlement of the Litigation and
18  the hearing on the Settlement, in the form annexed hereto as Exhibit A-3 to the Preliminary
19  Approval Order, or such other substantially similar form agreed to by the Settling Parties.

20

21  "Underwriter Defendants," means J.P. Morgan Securities LLC, Deutsche Bank Securities
22  Inc., Merrill Lynch, Pierce Fenner & Smith Incorporated, Barclays Capital Inc., Robert W.
23  Baird & Co. Incorporated, Pacific Crest Securities, LLC, and EM Securities, LLC.

24

25  "Unknown Claims" means any claims that the Lead Plaintiffs or any Settlement Class
26  Member does not know or suspect to exist in his, her or its favor at the time of the release of
27  the Released Persons which, if known by him, her or it, would or might have affected his, her

28

or its settlement with and release of the Released Persons, or would or might have affected his, her or its decisions with respect to this Settlement.  Lead Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs upon the Effective Date shall expressly, fully, finally and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights, and benefits of California Civil Code Section 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release in IN RE VIOLIN MEMORY, INC. SECURITIES LITIGATION, MASTER FILE NO. 4:13-CV-05486-YGR, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiffs shall expressly waive and relinquish, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code Section 1542.  Lead Plaintiffs

1  acknowledge, and the Settlement Class Members shall be deemed by operation of the
2  Judgment to have acknowledged, that the inclusion of Unknown Claims in the definition of
3  Released Claims and the foregoing waiver were separately bargained for and a key element of
4  the Settlement of which this release is a material and essential part.

6  "Violin" means Violin Memory, Inc.