UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE VIOLIN MEMORY, INC., SECURITIES LITIGATION | Master File No. 4:13-cv-05486-YGR<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**<br><br>**\*AS MODIFIED BY THE COURT\***<br><br>DATE:     July 26, 2016<br>TIME:     2:00pm<br>CTRM:    1, 4th Floor<br>JUDGE:   Hon. Yvonne Gonzalez Rogers |

This matter came before the Court for hearing on July 26, 2016, on the motion of the Lead Plaintiffs for final approval of the Settlement set forth in the Stipulation of Settlement dated January 29, 2016 (Dkt. No. 162-4, the "Stipulation"). Due and adequate notice having been given to the Settlement Class as required in the Court's order granting preliminary approval of class settlement (Dkt. No. 162), and the Court having considered the record and proceedings in this matter, and otherwise being fully informed and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.     The terms used in this Judgment have the same meanings assigned to them in the "Addendum" attached to this Judgment.

2.     This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Settlement Class Members.

3.     Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, just,

reasonable and adequate to the Settlement Class. The Court also hereby reaffirms its findings and conclusions set forth in the Preliminary Approval Order that, for purposes of the Stipulation and the Settlement, this Settlement Class meets the prerequisites for bringing a class action set forth in Federal Rule of Civil Procedure Rule 23(a) and the requirements for maintenance of a class action under Rule 23(b)(3). The Court hereby makes final its previously conditional certification of the Settlement Class.

4. Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Settlement Class (identified in Exhibit 1 attached hereto), the Litigation and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice by the Lead Plaintiffs and the other Settlement Class Members, and as against the Released Persons. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

5. The Court finds that the Stipulation and Settlement contained therein, and the Plan of Allocation are fair, reasonable, and adequate as to each of the Settling Parties and that the Stipulation and Settlement contained therein and the Plan of Allocation are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

6. The Settling Parties expect the Settlement Fund to be fully consumed, but if that does not happen, no portion of the Settlement Fund will revert to Defendants. If any amounts remain in the Settlement Fund (after payment of all notice and claim administration expenses, necessary taxes and tax expenses, attorneys' fees and expenses and eligible claims, including after the upward adjustments of eligible claims), the amount remaining in the Settlement Fund will be distributed pursuant to the *cy pres* doctrine to the FINRA Investor Education Foundation with specific directions that such funds be used for investor education.

7. Upon the Effective Date hereof, the Lead Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims (including Unknown Claims) against each and all of the Defendants and their respective Related Persons,

whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release. The Settling Parties acknowledge and the Settlement Class Members shall be deemed by operation of law to acknowledge, that the waiver of Unknown Claims, and of the provisions, rights, and benefits of Section 1542 of the California Civil Code, was bargained for and is a key element of the Settlement of which the release in this paragraph is a part.

8. Lead Plaintiffs, all Settlement Class Members, and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting against any of the Released Persons, and each of them, any of the Released Claims.

9. Upon the Effective Date, each of the Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Settlement Class Members and counsel to the Lead Plaintiffs from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of (i) the Litigation, or (ii) the Released Claims, other than the obligations provided in the Stipulation.

10. The Notice of Pendency and Proposed Settlement of Class Action given to the Settlement Class was the best notice practicable under the circumstances, including the individual notice to all Settlement Class Members who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

11. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding the attorneys' fees application shall in no way disturb, affect, or delay the entry of this Judgment and shall be considered separate from this Judgment.

12. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants, or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  The Released Persons may file the Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction for a period of one year over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and reimbursement of expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

14. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times prosecuted and defended the Litigation in good faith and at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants except as provided for in the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16. The Court hereby dismisses the Litigation and all Released Claims of the Settlement Class with prejudice, without costs as to any Settling Party. There is no reason for delay in the entry of this Final Judgment and Order of Dismissal with prejudice and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: July 28, 2016

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

## **ADDENDUM**

"Authorized Claimant" means any Settlement Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

"Claims Administrator" means RG/2 Claims Administration LLC.

"Court" means the United States District Court for the Northern District of California.

"Defendants" mean together Violin, the Individual Defendants, and the Underwriter Defendants.

"Effective Date" means the first date by which all of the following events and conditions have been met and have occurred: (a) The Court has entered the Preliminary Approval Order; (b) Defendants' Insurers have paid or caused to be paid into the interest-bearing account controlled by Michael A. Gillen, RG/2 Claims Administration LLC, the amount of $7.5 million; (c) Defendants have not exercised their option to terminate the Settlement pursuant to the confidential agreement executed between Lead Counsel and Defendants' counsel allowing for the termination of this Settlement under certain circumstances; and (d) the Court has entered this Judgment and the Judgment has become Final.

"Escrow Agent" means Michael A. Gillen, RG/2 Claims Administration LLC.

"Final" means when the last of the following with respect to the Judgment approving the Settlement, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed, or if such a motion is filed, an order denying such motion; (ii) the expiration of the time in which to appeal the Judgment has passed without any appeal having been noticed or taken; and (iii) if any appeal is taken, immediately after (a) the date of final dismissal of any

appeal from the Judgment or the final dismissal of any proceeding on certiorari to review the Judgment, or (b) the date of final affirmance on appeal of the Judgment, the expiration of time for any further judicial review, whether, by appeal, reconsideration, or a petition for writ of certiorari and if, certiorari is granted, the date of final affirmance of the Judgment following review pursuant to such grant.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal that concerns only the issue of attorneys' fees and/or expenses, the Plan of Allocation of the Settlement Fund, or the procedures for determining Authorized Claimants' recognized claims; any proceeding or appeal pertaining solely to one or more of these excluded issues shall not in any way delay or affect the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

"Individual Defendants," means Donald G. Basile, Cory J. Sindelar, Dixon R. Doll Jr., Howard A. Bain III, Larry J. Lang, Jeff J. Newman, Mark N. Rosenblatt, and David B. Walrod.

"Insurers" means Defendants' insurers, Old Republic Insurance Company.

"Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court.

"Lead Counsel" means Levi & Korsinsky LLP and Kaplan Fox & Kilsheimer LLP.

"Lead Plaintiffs" means Ali Shehk and Alan Richards, appointed as Lead Plaintiffs by order of the Court dated February 26, 2014.

"Litigation" means this proceeding, *In re Violin Memory, Inc. Securities Litigation*, Case No.

4:13-cv-05486-YGR, pending in the Court.

"Notice" means the long form Notice of Pendency and Proposed Settlement of Class Action, substantially in the form annexed to the Preliminary Approval Order as Exhibit A-1. (Dkt. No. 162-1.)

"Person" means a natural person, individual, corporation, partnership, limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives or assignees.

"Plan of Allocation" means the plan or formula of allocation of the Settlement Fund, as set forth in the Notice of Pendency and Proposed Settlement of Class Action and the Preliminary Approval Order, whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the Settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses, and interest as may be awarded by the Court.

"Preliminary Approval Order" means this Order Granting Preliminary Approval of Settlement and Directing Dissemination of Notice to Settlement Class, as entered by the Court at Docket Entry 162.

"Proof of Claim" means a Proof of Claim and Release form, substantially in the form annexed to the Preliminary Approval Order as Exhibit A-2. (Dkt. No. 162-2.)

"Related Persons" means each of the Defendants' past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, principals, controlling shareholders, attorneys,

accountants, auditors, underwriters, investment advisors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, executors, trustees, estates, administrators, related or affiliated entities, any entity in which a Defendant has a controlling interest, any member of an Individual Defendant's immediate family, any trust of which a Defendant is the settlor or which is for the benefit of a Defendant and/or any member of an Individual Defendant's immediate family, and any entity in which any Defendant and/or any member of an Individual Defendant's immediate family has or have a controlling interest.

"Released Claims" means any and all claims (including Unknown Claims), demands, rights, liabilities, and causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, restitution, rescission, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether known or unknown, contingent or absolute, mature or immature, discoverable or undiscoverable, whether concealed or hidden, suspected or unsuspected, which now exist, or heretofore have existed, asserted or that could have been asserted by the Lead Plaintiffs or any Settlement Class Member against the Defendants and/or Violin and their respective Related Persons based upon, arising out of, or relating in any way to: (a) the allegations, matters, facts, transactions, events, occurrences, disclosures, statements, acts, omissions or failures to act which were or could have been alleged in the Litigation, or (b) the purchase, acquisition, disposition, sale or retention of Violin securities by the Lead Plaintiffs or any Settlement Class Member during the Settlement Class Period.  Expressly excluded from Released Claims are the matters set forth in paragraph 5.5 of this Stipulation and the claims asserted in the consolidated federal shareholder derivative action captioned *Lowry v. Basile, et al.*, Case No. 4:13-cv-05768-YGR.

"Released Persons" means each and all of the Defendants and Violin and their Related Persons.

"Settlement" means the settlement between Lead Plaintiffs, on behalf of themselves and the Settlement Class Members, and the Defendants on the terms set forth in the Stipulation.

"Settlement Class" means: (i) all Persons who purchased or otherwise acquired Violin common stock in (a) in Violin's initial public offering on September 27, 2013; and/or (b) on the public market between September 27, 2013 and November 21, 2013, inclusive.  Excluded from the Settlement Class are Defendants, members of the Individual Defendants' immediate families, officers, directors, and subsidiaries of Violin, any firm, entity, or corporation wholly owned by any Defendant and/or any member(s) of an Individual Defendant's immediate family, any trust of which an Individual Defendant or Violin is the settlor or which is for the benefit of an Individual Defendant or Violin and/or any member of their immediate families, and the legal representatives, heirs, or successors-in-interest of Violin and the Individual Defendants.  For the avoidance of doubt, nothing herein shall limit or otherwise modify the right or ability of customers and clients of the Underwriter Defendants or their affiliates, including any person or entity for whom any Underwriter Defendant or its affiliates acts as advisor, agent, broker, custodian, fiduciary, manager, nominee, representative, or trustee to participate in the claims process or receive settlement proceeds as otherwise allowed by this Stipulation.  Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

"Settlement Class Member" means a Person who is a member of the Settlement Class.

"Settlement Class Period" means the period from September 27, 2013 to November 21, 2013, inclusive.

"Settlement Fund" means the principal amount of Seven Million Five Hundred Thousand Dollars ($7,500,000), plus any accrued interest earned thereon.

"Settling Parties" means, collectively, the Defendants and the Lead Plaintiffs on behalf of themselves and the Settlement Class Members.

"Stipulation" means the Stipulation of Settlement dated January 29, 2016, including the recitals and exhibits thereto, each of which is incorporated by reference as though set forth in the Stipulation itself. (Dkt. No. 162-4.)

"Summary Notice" means the summary notice describing the Settlement of the Litigation and the hearing on the Settlement, in the form annexed as Exhibit A-3 to the Preliminary Approval Order (Dkt. No. 162-3), or such other substantially similar form agreed to by the Settling Parties.

"Underwriter Defendants," means J.P. Morgan Securities LLC, Deutsche Bank Securities Inc., Merrill Lynch, Pierce Fenner & Smith Incorporated, Barclays Capital Inc., Robert W. Baird & Co. Incorporated, Pacific Crest Securities, LLC, and EM Securities, LLC.

"Unknown Claims" means any claims that the Lead Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, would or might have affected his, her or its settlement with and release of the Released Persons, or would or might have affected his, her or its decisions with respect to this Settlement.  Lead Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs upon the Effective Date shall expressly, fully, finally and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or

equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights, and benefits of California Civil Code Section 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release in IN RE VIOLIN MEMORY, INC. SECURITIES LITIGATION, MASTER FILE NO. 4:13-CV-05486-YGR, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiffs shall expressly waive and relinquish, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code Section 1542. Lead Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the inclusion of Unknown Claims in the definition of Released Claims and the foregoing waiver were separately bargained for and a key element of the Settlement of which this release is a material and essential part.

"Violin" means Violin Memory, Inc.

**EXHIBIT 1**

Persons who have requested exclusion from the Settlement:

Zvonimir Z. Bandic

Platinum Investment Management Limited

Steven Sklar